UNITED STATES DISTRICT COURT
MIDDLE DISTRICT PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL G. TALAMANTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02-at-06000 |
| | ) | |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MICHAEL G. TALAMANTES ("Plaintiff"), through his attorneys, THE LAW FIRM OF MICHAEL ALAN SIDDONS, ESQUIRE, alleges the following against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that

1

might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

8.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9.  This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing at Hanover, York County, Pennsylvania.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a national collection agency headquartered in Williamsville, New York.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

19. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

20. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

24. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

25. In or around August 2014, Defendant began placing collection calls to Plaintiff in an attempt to collect an alleged debt from Plaintiff.

26. Defendant calls Plaintiff's cellular telephone number at 917-828-04XX.

27. Defendant calls Plaintiff from 866-513-9461.

28. 866-513-9461 is one of Defendant's numbers.

29. Defendant calls Plaintiff on Plaintiff's cellular telephone several times per day. For example, Defendant called Plaintiff six (6) times on his cellular phone August 13, 2014.

30. When Plaintiff answers collection calls from Defendant, the Plaintiff is greeted with silence until the Plaintiff inquires "hello?" two (2) to three (3) times then finally an automated message plays informing Plaintiff that "all of our representatives are busy with other clients; please hold for the next available representative"—or similar words to that effect.

31. During at least one of the aforementioned collections calls, once Plaintiff was finally able to speak to a live collector, Plaintiff inquired as to the details of the debt Plaintiff allegedly

owes.

32. In response to the Plaintiff's inquiries, Defendant's collectors demanded the last four (4) digits of Plaintiff's Social Security Number before they would disclose any information regarding the alleged debt.

33. Plaintiff, being uncomfortable with providing Defendant's collectors with such sensitive personal information without knowing more of what the collection call was all about, declined to provide Defendant's collectors with the last four (4) digits of his Social Security Number.

34. When Plaintiff declined to provide the last four (4) digits of his Social Security Number, Defendant's collectors have responded that they will sue Plaintiff if Plaintiff does not provide them with the last four (4) digits of Plaintiff's social security number.

35. Reaching an impasse with Defendant's collectors, Plaintiff answered all subsequent collection calls from Defendant's collectors by informing them that he was represented by an attorney and provided them with the attorney's name and contact information and that the Defendant's collectors should stop calling Plaintiff and call Plaintiff's attorney instead.

36. Despite Plaintiff's requests for the Defendant's collectors to call his attorney and to stop calling the Plaintiff, the Defendant's collectors have refused and done the exact opposite by continuing to call the Plaintiff while not contacting the Plaintiff's attorney.

37. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

39. Defendant called Plaintiff using an autodialer system.

40. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

41. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

43. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him and to call his attorney instead.

44. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

45. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

46. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

47. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

48. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(2) of the FDCPA because Defendant knew the Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of the attorney's name and address yet refused to contact Plaintiff's attorney and instead continued to call the Plaintiff;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt when Defendant called Plaintiff multiple times per day despite being told not to and to call Plaintiff's attorney instead;

   c. Defendant further violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt when Defendant threatened to sue the Plaintiff if Plaintiff did not provide Defendant with the last four (4) digits of Plaintiff's Social Security Number;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant called Plaintiff multiple times per day despite being told not to and to call Plaintiff's attorney instead; and

   e. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken when Defendant threatened to sue Plaintiff if Plaintiff did not provide Defendant with the last four

(4) digits of Plaintiff's Social Security Number.

WHEREFORE, Plaintiff, MICHAEL G. TALAMANTES, respectfully requests judgment be entered against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, for the following:

50. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

51. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

52. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiff repeats and re-alleges paragraphs 1-48 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

54. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when Defendant placed collection calls to Plaintiff's cellular phone and there was a delay when Plaintiff answered the phone before being connected to an automated recording.

WHEREFORE, Plaintiff, MICHAEL G. TALAMANTES, respectfully requests judgment be entered against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, for the following:

55. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

56. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

57. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

58. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 13, 2015        By: /s/ Michael A. Siddons_____
                             Michael A. Siddons
                             Attorney #89018
                             The Law Firm of Michael Alan Siddons, Esquire
                             230 N. Monroe Street
                             PO Box 403
                             Media, PA 19063
                             Tel: 484-614-6546
                             msiddons@siddonslaw.com
                             Attorney for Plaintiff